IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

SUSANNE BECKER,

            Plaintiff,

vs.

TYSON LAMBERTSON,

            Defendant.

8:23CV506

MEMORANDUM AND ORDER

This matter is before the Court on case management. On November 13, 2023, Plaintiff Susanne Becker ("Becker" or "Plaintiff") filed a pleading titled "Notice of removal," which the Court docketed as a civil complaint filed pursuant to 42 U.S.C. § 1983 (i.e., a civil rights action) (hereinafter "Notice of Removal"). Filing No. 1. On November 20, 2023, the Court ordered Becker to pay the $402.00 filing and administrative fees[1] or file a request for leave to proceed in forma pauperis within 30 days or face dismissal of this action. To date, Becker has not paid the fees or submitted a request for leave to proceed in forma pauperis. Rather, Becker has filed two amended complaints, Filing No. 5; Filing No. 6, a supplement, Filing No. 7, and a pleading titled "Motion to Intervention/waiver filing fees," which the Court docketed as a third amended complaint, Filing No. 8. Upon review of Becker's pleadings, the Court will dismiss this matter without prejudice because Becker failed to comply with this Court's orders and because Becker cannot remove the underlying state court action to federal court.

---

[1] Effective December 1, 2023, the filing and administrative fees for filing a civil action in federal district court is $405.00.

## I.  BACKGROUND

Becker filed her Notice of Removal pursuant to 28 U.S.C. § 1455, "title 25 chapter 6 subchapter 1 section 233," and 28 U.S.C. § 1443 and seeks to remove Case No. CI-23-603 from the District Court of Scotts Bluff County, Nebraska, to this Court. Filing No. 1. Attached to Becker's Notice of Removal is a copy of an Ex Parte Harassment Protection Order (hereinafter "HPO") entered on November 8, 2023, by Judge Kristen D. Mickey of the Scotts Bluff County District Court. *Id.* at 3. The HPO indicates that the named defendant in this case, Tyson Lambertson ("Lambertson"), initiated the state court action by filing a petition and affidavit for a harassment protection order for himself and a minor, N.L.[2] *Id.* Becker seeks to remove the state court action because she has filed federal complaints against Judge Mickey, two other state court judges, and Lambertson, and she alleges "her civil rights will be denied do to inconsistent on who has the rights to govern the law while in a pending Federal legal Complaint of violation of the color of law within the jurisdiction of Scottsbluff County, Nebraska and the Stat[e] of Nebraska." *Id.* at 1–2 (spelling as in original).

On November 20, 2023, Becker filed a pleading titled "Amended removal with Coast Guard Defense," which the Court docketed as an amended complaint. Filing No. 5. As best the Court can tell, Becker seeks to have the Secretary of Interior and/or Marine and Navy personnel investigate her complaint because "if Susanne Becker claims that she is a[n] Indian then she can be known as a[n] 'Aquatic Product' under title 15 section 522 and is a protected marine/naval species." *Id.* at 1.

---

[2] Becker's Notice of Removal and other pleadings indicate N.L. is a minor so the Court will refer to this individual by his initials.

2

Becker then filed what she titled a "Counter Claim," which the Court docketed as a supplement to the Notice of Removal (hereinafter "Counterclaim"). Filing No. 7. Though difficult to understand, it appears Becker sued Lambertson, and N.L. viewed "dangerous e-mail documents" associated with Becker's suit, which led to Lambertson seeking the HPO for himself and N.L. Id. at 1–2. Becker alleges Lambertson, who is affiliated with "The Rock Church," is liable for permitting N.L. to act as Lambertson's "agent" and come "in direct contact of dangerous documents and articles by electronical communications." Id. at 2. Becker seeks damages against Lambertson for the harm to Becker arising out of the issuance of the HPO and "for the restraining of her civil rights movement to worship God in a public entertaining place like The Rock Church." Id. at 3.

On November 27, 2023, Becker filed an "Amended Complaint w/ Joinder", in which she alleges removal is proper under 28 U.S.C. § 1441 and reiterates her request for damages against Lambertson because, as best the Court can tell, the HPO obtained by Lambertson prevents Becker from entering The Rock Church and unconstitutionally burdens Becker's free religious exercise. Filing No. 6 at 1. Becker also asks that the United States Attorney General represent her in this case pursuant to 25 U.S.C. § 175 which, as she alleges, provides that "[t]he United States Attorney General shall represent allotted Indians in all suits at law and in equity." Id. at 3. Becker also appears to seek a waiver of service for Lambertson. Id.

Finally, on November 30, 2023, Becker filed her "Motion to Intervention/waiver filing fees," which the Court docketed as a third amended complaint (hereinafter "Motion to Waive Filing Fees"). Filing No. 8. Becker again seeks to have the United States Attorney General represent her based on 25 U.S.C. § 175 because "Becker has reason

3

to believe she is" an "allotted Indian." Id. at 1. Becker wants the United States Attorney General to assist her in recovering for the alleged Nebraska state law and federal law violations by Lambertson in permitting N.L. to read the "adult material issued to the clergymen(women)" of The Rock Church. Id. at 5.

## II. DISCUSSION

Becker has not complied with the Court's November 20, 2023, Memorandum and Order directing her to either pay the Court's filing fee or submit a request to proceed in forma pauperis ("IFP"). See Filing No. 4. Even if the Court liberally construed her Motion to Waive Filing Fees as a request to proceed IFP, her motion would fail as it does not comply with 28 U.S.C. § 1915, the statute authorizing proceedings in forma pauperis. See 28 U.S.C. § 1915(a)(1) (requiring the plaintiff to submit "an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor"). Regardless, the Court finds that Becker's purported removal of the underlying state court action to federal court is not permissible, and this matter should be dismissed.

### A. Removal Impermissible

First, to the extent Becker seeks to remove the state court action pursuant to 28 U.S.C. § 1455, that statute governs removal of state *criminal* prosecutions. The state court action initiated by Lambertson is clearly a civil action, and § 1455 does not apply. See *Weatherly v. Cochran*, 918 N.W.2d 868 (Neb. 2018) (analogizing to court's holdings "in other civil proceedings" to determine whether a respondent to an ex parte harassment protection order may appear at hearing through counsel as opposed to in person).

Becker also relies upon 28 U.S.C. § 1443 to remove this state court action to federal court. That statute provides, in relevant part:

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> > (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof . . . .

28 U.S.C. § 1443. To demonstrate that removal is proper under § 1443(1), a defendant "must show that he relies upon a law providing for equal civil rights stated in terms of racial equality." *Neal v. Wilson*, 112 F.3d 351, 355 (8th Cir. 1997). Stated differently, "the right denied defendant must be one that arises under a federal law that provides for specific civil rights stated in terms of racial equality," and "the defendant must be unable to or be denied the opportunity to enforce these specified federal rights in the courts of the state in question." *Conrad v. Robinson*, 871 F.2d 612, 614–15 (6th Cir. 1989) (citing *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975)).

Here, Becker does not allege she was denied any civil rights on racial grounds or under a federal equal-rights law. While Becker "claims" or "believes" she is an Indian, Filing No. 5 at 1; Filing No. 8 at 1, she alleges no facts suggesting she has been discriminated against in the state court proceedings because of her race. Rather, Becker alleges Lambertson is interfering with her "equal rights" to "free exercise" through his obtainment of the HPO. Filing No. 6 at 1. However, the Supreme Court has held that "broad allegations of deprivations of equal protection and due process rights do not qualify for removal under section 1443(1)." *Womack v. Harrison*, No. 4:16-CV-

5

661-JM-BD, 2016 WL 5921253, at *1 (E.D. Ark. Oct. 11, 2016) (citing *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975)). Thus, upon review, the Court concludes Becker has failed to establish that removal is proper under 28 U.S.C. § 1443.

Becker next contends that removal is appropriate under 28 U.S.C. § 1441, which provides, in relevant part:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a). "The federal removal statute is narrowly construed, to ensure that federal courts do not violate the important principles of comity and federalism, by entertaining actions in which federal subject matter jurisdiction is lacking." *Hanson v. Willis*, No. CIV. 13-2663 ADM/JSM, 2013 WL 5918821, at *3 (D. Minn. Nov. 1, 2013), *aff'd* (Jan. 22, 2014) (citing *Nichols v. Harbor Venture, Inc.*, 284 F.3d 857, 861 (8th Cir.2002) ("the nature of federal removal jurisdiction—restricting as it does the power of the states to resolve controversies in their own courts—requires strict construction of the legislation permitting removal")).

The Supreme Court has outlined the fundamental principles governing removal of state court actions to federal court as follows:

> Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant. Absent diversity of citizenship, federal-question jurisdiction is required. The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule," which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law.

*Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (footnotes and citation omitted).

As the foregoing demonstrates, the state court action initiated by Lambertson is clearly not removable. Though Becker did not attach to her Notice of Removal Lambertson's petition and affidavit in support of the HPO, such petition was clearly filed pursuant to Nebraska state law. See Neb. Rev. Stat. § 28-311.09 ("Any victim who has been harassed as defined by section 28-311.02 may file a petition and affidavit for a harassment protection order as provided in subsection (3) of this section."). Lambertson could not attempt to bring the HPO action under any federal law. Moreover, both Lambertson and Becker are alleged to be Nebraska citizens so diversity of citizenship jurisdiction is also lacking. See Filing No. 6 at 4. "Because this action could not have been filed in federal court at its inception, due to lack of federal subject matter jurisdiction, it cannot be removed to federal court now." Hanson, No. CIV. 13-2663 ADM/JSM, 2013 WL 5918821, at *3. Nor can Becker create a federal question that authorizes removal simply by raising defenses or counterclaims based on federal law. Id. at *4 (citing Magee v. Exxon Corp., 135 F.3d 599, 601 (8th Cir.1998) ("[f]ederal-question jurisdiction is not created by a federal defense, including the defense of preemption, even if the defense is the only contested issue in the case")). Accordingly, the Court finds this case is not removable and should be dismissed.[3] The Court also finds remand of this matter to state court is unnecessary. See Headd v. Headd, 37 F.3d 1503 (8th Cir. 1994) (remand under 28 U.S.C. § 1447(c) unnecessary where district court dismissed the removal petition pursuant to former section 1915(d), now section 1915(e)).

---

[3] While Becker also cited to 25 U.S.C. § 233 as a basis for removal, that statute is inapplicable as it provides only that the state courts of the State of New York "shall have jurisdiction in civil actions and proceedings between Indians or between one or more Indians and any other person or persons to the same extent as the courts of the State shall have jurisdiction in other civil actions and proceedings," subject to certain limitations. 25 U.S.C. § 233.

7

**B. Complaint for Civil Action**

To the extent Becker seeks to file an original civil action in this Court, Becker's allegations fail to establish that the Court has subject matter jurisdiction over her claims. A plaintiff must sufficiently state a claim for relief that contains, "a short and plain statement of the grounds for the court's jurisdiction, unless the court has jurisdiction and the claim needs no new jurisdictional support." Fed. R. Civ. P. 8(a)(1). Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Subject-matter jurisdiction may be proper under 28 U.S.C. § 1331 where a plaintiff asserts "[a] non-frivolous claim of a right or remedy under a federal statute," commonly referred to as "federal question" jurisdiction. *Northwest South Dakota Prod. Credit Ass'n v. Smith*, 784 F.2d 323, 325 (8th Cir. 1986). Subject-matter jurisdiction may also be proper in federal court pursuant to 28 U.S.C. § 1332, commonly referred to as "diversity of citizenship" jurisdiction, when "the citizenship of each plaintiff is different from the citizenship of each defendant." *Ryan v. Schneider Nat'l Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001) (citation omitted). Here, diversity jurisdiction is clearly lacking and Becker's allegations do not suggest the existence of a federal question.

First, to the extent Becker sues Lambertson for constitutional or civil rights violations under 42 U.S.C. § 1983, she fails to plead facts showing Lambertson is a state actor. "To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "The traditional definition of acting under

color of state law requires that the defendant in a § 1983 action have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." West, 487 U.S. at 49. Becker does not allege any facts suggesting Lambertson is clothed with such authority. Moreover, Lambertson's mere invocation of the available state court process for obtaining the HPO does not constitute joint activity with the State to deny Becker's constitutional rights. See Young v. Harrison, 284 F.3d 863, 870 (8th Cir. 2002) ("A private person does not conspire with a state official merely by invoking an exercise of the state official's authority." (internal quotation and citation omitted)). In other words, Becker's claims fail to state a claim upon which relief may be granted under § 1983 because no facts are alleged to show that Defendant Lambertson acted under color of law.

Second, the Court can discern no cognizable right of action under the various federal statutes cited by Becker. Moreover, Becker's conclusory allegations that Lambertson violated federal criminal law by permitting N.L. to view "adult material," Filing No. 8 at 4–5, are insufficient to establish federal question jurisdiction as "federal criminal statutes generally do not create constitutional rights cognizable under § 1983." Hodges v. Rufus, No. 2:19-CV-1741, 2019 WL 1989653, at *2 (S.D. Ohio May 6, 2019), report and recommendation adopted, No. 2:19-CV-1741, 2019 WL 2250646 (S.D. Ohio May 24, 2019). See also Touche Ross & Co. v. Redington, 442 U.S. 560, 568 (1979) (emphasizing "the fact that a federal statute has been violated and some person harmed does not automatically give rise to a private cause of action in favor of that person" (internal quotation marks omitted)); Horde v. Elliot, No. 17-CV-800 (WMW/SER), 2018 WL 987683, at *15 (D. Minn. Jan. 9, 2018), *report and*

*recommendation adopted*, No. 17-CV-0800 (WMW/SER), 2018 WL 985294 (D. Minn. Feb. 20, 2018) ("[F]ederal statutes that do not contemplate a private right of action fail to confer federal jurisdiction.").

Accordingly, to the extent Becker's Notice of Removal may be construed as a civil complaint, it shall be dismissed for lack of jurisdiction.

**C. Request for Counsel**

Liberally construed, Becker requests the appointment of counsel, specifically the appointment of the United States Attorney General to represent her pursuant to 25 U.S.C. § 175 because "Becker has reason to believe she is" an "allotted Indian." Filing No. 8 at 1. However, § 175 does not require the appointment of counsel any time a member of a federally recognized Indian tribe requests it in any civil suit. The statute provides: "In all States and Territories where there are reservations or allotted Indians the United States attorney shall represent them in all suits at law and in equity." 25 U.S.C. § 175. As several courts have recognized, § 175 "is not mandatory and . . . its purpose is no more than to ensure Native Americans adequate representation in suits to which they might be parties." *Scott v. Hormel*, 854 F. App'x 958, 960 (10th Cir. 2021) (quoting *Navajo Nation v. San Juan Cnty.*, 929 F.3d 1270, 1278 (10th Cir. 2019) (internal alterations and quotation marks omitted)); *see also Robinson v. New Jersey Mercer Cnty. Vicinage-Fam. Div.*, 514 F. App'x 146, 151 (3d Cir. 2013) ("the unanimous weight of authority suggests that the duty of representation contained [in § 175] is discretionary, not mandatory"); *Siniscal v. United States*, 208 F.2d 406, 410 (9th Cir. 1953) (same).

As appointment of the United States Attorney General under 25 U.S.C. § 175 is not required, and because the Court concludes this matter must be dismissed, Becker's request for the appointment of counsel is denied.

### III. CONCLUSION

Becker has failed to pay the Court's filing and administrative fees or file a proper motion to proceed IFP as directed by the Court. In any case, the Court concludes Becker's Notice of Removal is subject to dismissal as the state court action is not removable to federal court and, when construed as a civil complaint, Becker has failed to establish the Court's subject matter jurisdiction over her claims. Accordingly,

IT IS THEREFORE ORDERED that: This matter is dismissed without prejudice because Plaintiff failed to comply with this Court's orders and because the Court lacks subject matter jurisdiction. The Court will enter judgment by a separate document.

Dated this 5th day of January, 2024.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge